UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CITY OF PHILADELPHIA,

                Petitioner

-against-

AISHA ASHA BRADLEY,

                Respondent.

1:24-CV-7607 (LTS)

ORDER

---

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Aisha Asha Bradley, who is appearing *pro se*, filed a notice of removal in this court on October 3, 2024, to remove to this court at least one civil action that is pending in the Court of Common Pleas of Philadelphia County, a court of the Commonwealth of Pennsylvania that is located in Philadelphia, Pennsylvania.[1] For the reasons set forth below, this Court remands this matter to that state court.

## DISCUSSION

### A.   Removal is improper

    Bradley's attempt to remove to this court is improper. Only a defendant in a state court civil action may remove that civil action from the state court to a federal district court; to consider such a civil action, the relevant federal district court must have original jurisdiction of that civil action, and a defendant may only remove that civil action to the federal district court "for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

---

[1] To the extent that Bradley, in this matter, is attempting to remove multiple civil actions from that state court, it is unclear that she is a defendant in all of them, though she may be a defendant in at least one of them. She provides the following docket numbers for the relevant state court civil actions: CCP-2305T0155, CCP-2305T0156, and CCP-2310T0202. (ECF 1, at 26.)

> To remove a state court civil action to a federal district court:
>
> [a] defendant . . . shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.

28 U.S.C. § 1446(a). The right of removal is "entirely a creature of statute," and the "statutory procedures for removal are to be strictly construed." *Syngenta Crop Protection, Inc. v. Henson*, 537 U.S. 28, 32 (2002).

If a federal district court remands a civil action to a state court *sua sponte* for a procedural defect, it must generally do so within 30 days of the filing of the notice of removal; the remand will not be subject to appellate review if the federal district court does so for that reason within that period. *See* 28 U.S.C. § 1447(c), (d); *Mitskovski v. Buffalo & Fort Erie Pub. Bridge Auth.*, 435 F.3d 127, 131-33 (2d Cir. 2006); *Hamilton v. Aetna Life & Cas. Co.*, 5 F.3d 642, 643-44 (2d Cir. 1993).

Bradley's effort to remove a Pennsylvania state court civil action to this court is procedurally improper for two reasons. The first reason is that, to the extent that Bradley is not a defendant in the state court civil action that she wishes to remove, she is not permitted to remove that action – only a defendant may do so. *See* 28 U.S.C. §§ 1441(a), 1446(a). The second reason is because this court is not the United States District Court "for the district and division embracing the place where such action is pending." § 1441(a); *see* § 1446(a). This court is the United States District Court for the Southern District of New York; the Southern District of New York is comprised of the following counties of the State of New York: (1) New York (New York City Borough of Manhattan); (2) Bronx (New York City Borough of the Bronx); (3) Westchester; (4) Dutchess; (5) Rockland; (6) Orange; (7) Putnam; and (8) Sullivan. 28 U.S.C. § 112(b).

2

Philadelphia County, Pennsylvania, where the relevant state court is located, lies within the Eastern District of Pennsylvania. 28 U.S.C. § 118(a). Thus, to the extent that Bradley is a defendant in any civil action pending in that state court, the only federal district court to which she may remove such an action is the United States District Court for the Eastern District of Pennsylvania. *See* §§ 1441(a), 1446(a).

Accordingly, this Court remands this action to the Court of Common Pleas of Philadelphia County due to at least one procedural defect. *See* 28 U.S.C. § 1447(c); *Mitskovski*, 435 F.3d at 131.

**B.     Warning**

The Court notes that Bradley has, on multiple previous occasions, attempted to remove a civil action from the Court of Common Pleas of Philadelphia County to the United States District Court for the Eastern District of Pennsylvania, and that that federal district court has remanded her civil action back to that state court for lack of subject matter jurisdiction, and with directions to the Clerk of that federal district court "to refrain from filing any more submissions from Ms. Bradley without [that federal district court] giving specific authorization to do so." *City of Philadelphia v. Bradley*, No. 2:24-CV-0015, 52, 53 (E.D. Pa. Feb. 1, 2024) (notice of appeal filed Feb. 2, 2024); *City of Philadelphia v. Bradley*, No. 2:24-CV-0116, 45, 46 (E.D. Pa. Feb. 1, 2024), *appeal dismissed*, No. 24-1210 (3rd Cir. May 8, 2024); *City of Philadelphia v. Bradley*, No. 2:24-CV-269, 21, 22 (E.D. Pa. Feb. 1, 2024), *appeal dismissed*, No. 24-1211 (3rd Cir. May 8, 2024). Thus, this Court recognizes that Bradley is, and has been, well aware that any civil action that she attempts to remove from the Court of Common Pleas of Philadelphia County can only be removed to the United States District Court for the Eastern District of Pennsylvania, and not to any other federal district court, including this one. *See Sledge v. Kooi*, 564 F.3d 105, 109-10 (2d

Cir. 2009) (discussing circumstances where a frequent *pro se* litigant may be charged with knowledge of particular legal requirements).

Despite such awareness, on October 3, 2024, Bradley filed in this court this removal matter, as well as two other removal matters, *see City of Philadelphia*, ECF 1:24-CV-7703 (LTS), 1 (S.D.N.Y.); *City of Philadelphia v. Bradley*, ECF 1:24-CV-7706 (LTS), 1 (S.D.N.Y.), in which she is attempting to remove to this court a civil action from the Court of Common Pleas of Philadelphia County. Accordingly, this Court warns Bradley that if she attempts to remove any future civil action to this federal district court that is pending in a state court located outside of the Southern District of New York, this court may issue an order barring her from filing any future civil action in this court, either via a complaint or via a notice of removal, without first obtaining this court's leave to file. *See* 28 U.S.C. § 1651.

## CONCLUSION

Because removal of this matter is improper, this Court remands it, under 28 U.S.C. § 1447(c), to the Court of Common Pleas of Philadelphia County, located in Philadelphia, Pennsylvania. The Court directs the Clerk of Court to mail a copy of this order to that state court at the following address: 1400 John F. Kennedy Boulevard, Philadelphia, Pennsylvania 19107. The Court also directs the Clerk of Court to close this action in this court, and to terminate all motions that are pending in this action in this court.

Dated:  October 15, 2024
        New York, New York

                                    /s/ Laura Taylor Swain
                                    LAURA TAYLOR SWAIN
                                    Chief United States District Judge