UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CITY OF PHILADELPHIA,

                Petitioner,

      -against-

AISHA ASHA BRADLEY,

                Respondent.

1:24-CV-7607 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

      By order dated and entered on October 15, 2024, the Court remanded this action, which Aisha Asha Bradley attempted to remove to this court *pro se* from the Court of Common Pleas of Philadelphia County, located in Philadelphia, Pennsylvania. (ECF 15.) On October 30, 2024, Bradley filed a notice of appeal. (ECF 16.) On November 2, 2024, she filed a "petition for transfer," a motion for reconsideration, and a "petition for removal." (ECF 17-19.) Two days later, on November 4, 2024, Bradley filed a "petition for removal from the Common Pleas Court of Philadelphia case number CCP-2310T0202-OCT-2023." (ECF 20.) On November 7, 2024, she filed a "motion to supplement." (ECF 21.) In an order dated November 19, 2024, the United States Court of Appeals for the Second Circuit granted Bradley's motion to withdraw her appeal. *City of Philadelphia v. Bradley*, No. 24-2907 (2d Cir. Nov. 19, 2024).

      The Court understands that Bradley no longer has an appeal pending in the Court of Appeals. The Court also construes all of Bradley's *pro se* submissions that she filed in this court on November 2, 4, and 7, 2024 (ECF 17-21), as one motion for relief from the Court's October 15, 2024 order, brought under Rule 60(b) of the Federal Rules of Civil Procedure ("Rule 60(b)"), *see Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006); *see also Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010) (the solicitude afforded to *pro se* litigants takes a

variety of forms, including liberal construction of papers, "relaxation of the limitations on the amendment of pleadings," leniency in the enforcement of other procedural rules, and "deliberate, continuing efforts to ensure that a pro se litigant understands what is required of him" (citations omitted)). After reviewing the arguments in Bradley's submissions, the Court denies Bradley Rule 60(b) relief.

## DISCUSSION

Under Rule 60(b), a party may seek relief from a federal district court's order or judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct of an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason justifying relief.

Fed. R. Civ. P. 60(b).

The Court has considered Bradley's arguments, and even under a liberal interpretation of the Rule 60(b) motion, Bradley has failed to demonstrate that any of the grounds listed in the first five clauses of Rule 60(b) applies. As the Court made clear in its October 15, 2024 order, only a defendant may remove a state-court action to a federal district court, and the only federal district court to which Bradely's Pennsylvania state-court action may be removed is the United States District Court for the Eastern District of Pennsylvania. (ECF 15.) Accordingly, the Court denies Bradley relief under Rule 60(b)(1) through (5).

To the extent that Bradley seeks relief under Rule 60(b)(6), the Court must deny her that relief as well. "[A] Rule 60(b)(6) motion must be based upon some reason other than those stated in clauses (1)-(5)." *United Airlines, Inc. v. Brien*, 588 F.3d 158, 175 (2d Cir. 2009) (quoting

2

*Smith v. Sec'y of HHS*, 776 F.2d 1330, 1333 (6th Cir. 1985)). A Rule 60(b)(6) motion must show both that the motion was filed within a "reasonable time" and that "'extraordinary circumstances' [exist] to warrant relief." *Old Republic Ins. Co. v. Pac. Fin. Servs. of Am., Inc.*, 301 F.3d 54, 59 (2d Cir. 2002) (citation omitted).

Because, as the Court informed Bradley in the October 15, 2024 order, only a defendant may remove a state-court action to a federal district court, and because the only federal district court to which Bradely's Pennsylvania state-court action may be removed is the United States District Court for the Eastern District of Pennsylvania (ECF 15), Bradley has failed to demonstrate that extraordinary circumstances exist to warrant relief under Rule 60(b)(6), *see Ackermann v. United States*, 340 U.S. 193, 199-202 (1950). The Court therefore denies Bradley Rule 60(b)(6) relief.

## CONCLUSION

The Court construes Bradley's *pro se* submissions filed on November 2, 4, and 7, 2024 (ECF 17-21) as one motion for relief from the Court's October 15, 2024 order, brought under Rule 60(b) of the Federal Rules of Civil Procedure. The Court denies that motion.

The Court warns Bradley that if she files any future frivolous or otherwise nonmeritorious submission in this action, the court will direct her to show cause why the court should not bar her from filing any future submissions in this action without the court's leave to file. *See Moates v. Barkley*, 147 F.3d 207, 208 (2d Cir. 1998) ("The unequivocal rule in this circuit is that the district court may not impose a filing injunction on a litigant *sua sponte* without providing the litigant with notice and an opportunity to be heard.").

The Court also reiterates its previous warning, issued in its October 15, 2024 order, that if Bradley attempts to remove any future civil action to this federal district court that is pending in a state court located outside of the Southern District of New York, this court may issue an order

3

barring her from filing any future civil action in this court, either via a complaint or via a notice of removal, without first obtaining this court's leave to file. (ECF 15, at 4.)

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   December 9, 2024
         New York, New York

                                           /s/ Laura Taylor Swain
                                           LAURA TAYLOR SWAIN
                                           Chief United States District Judge